1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    THEODORE SORIA,                          No. 2:18-cv-1309-EFB P

12                     Petitioner,

13          v.                                  ORDER AND FINDINGS AND
                                               RECOMMENDATIONS
14    PEOPLE OF CALIFORNIA,

15                     Respondent.

16

17          Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas

18    corpus pursuant to 28 U.S.C. § 2254.[1]  Examination of this action and the court's records reveals

19    that the petitioner is already proceeding with a petition for relief in another case.  *See Soria v.*

20    *California*, No. 2:18-cv-1218-CKD (E.D. Cal.).  Accordingly, this petition must be dismissed as

21    duplicative.

22    /////

23

24          [1] Petitioner also seeks leave to proceed in forma pauperis and requests appointment of
      counsel (ECF Nos. 2 & 3).  *See* 28 U.S.C. § 1915(a).  His affidavit indicates that petitioner is
25    unable to afford the costs of suit.  Accordingly, his request to proceed in forma pauperis is
      granted.   However, there currently exists no absolute right to appointment of counsel in habeas
26    proceedings.  *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996).  The court may appoint
      counsel at any stage of the proceedings "if the interests of justice so require."  *See* 18 U.S.C. §
27    3006A; *see also*, Rule 8(c), Rules Governing § 2254 Cases.  The court does not find that the
      interests of justice would be served by the appointment of counsel at this stage of the proceedings.
28

A suit is duplicative if the "claims, parties, and available relief do not significantly differ between the two actions." *Barapind v. Reno*, 72 F. Supp.2d 1132, 1145 (E.D. Cal. 1999) (quoting *Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983)). "When a complaint involving the same parties and issues has already been filed in another federal district court, the court has discretion to abate or dismiss the second action. *Id.* at 1144 (citation omitted). "Federal comity and judicial economy give rise to rules which allow a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court." *Id.* at 1145 (citation omitted). "[I]ncreasing calendar congestion in the federal courts makes it imperative to avoid concurrent litigation in more than one forum whenever consistent with the right of the parties." *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979).

Due to the duplicative nature of the present action, this action should be dismissed and petitioner should proceed on the action he initially commenced.

Accordingly, it is hereby ORDERED that:

1. Petitioner's application for leave to proceed in forma pauperis (ECF No. 2) is granted;

2. Petitioners request for appointment of counsel (ECF No. 3) is denied; and

3. The Clerk of the Court shall randomly assign a United States District Judge to this action.

Further, it is hereby RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue

in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: May 31, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE